UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TREYSHAWN L. JONES**                                                                                   **PLAINTIFF**

v.                                                                      **CIVIL ACTION NO. 3:24-CV-293-JHM**

**ANDRE CARDWELL** *et al.*                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 civil-rights action. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action under 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide him the opportunity to file an amended complaint.

**I.**

Plaintiff Treyshawn Jones was formerly incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues four LMDC officials in their official capacities only – Officer Andre Cardwell, Officer Bradley Hansford, Classification Director D. Puckett, and Deputy Director J. Collins. Plaintiff alleges that Defendants Cardwell and Hansford used excessive force against him on September 13, 2023. He alleges that Defendants Puckett and Collins violated his constitutional rights by, among other things, discontinuing his "detox treatment" and "punishing him as a pretrial detainee before any review."

**II.**

On review under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is "(i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co*., 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166

(1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, the Louisville Metro Government.

When a § 1983 claim is made against a municipality such as the Louisville Metro Government , the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Here, Plaintiff does not allege that any alleged constitutional violation was the result of a custom or policy implemented or endorsed by the Louisville Metro Government.  Thus, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

However, before dismissing this action, the Court will allow Plaintiff the opportunity to file an amended complaint in which he sues Defendants in their individual capacities.  *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims are **DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted**.

**IT IS FURTHER ORDERED** that no later than **October 12, 2024**, Plaintiff may file an amended complaint in which he sues Defendants in their individual capacities. The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, this action will be DISMSSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff the second page of the complaint form (DN 1, p. 2) with the words "Amended Complaint" and the instant case number so that Plaintiff can indicate whether he intended to sue Defendants in their individual capacities.

Date: September 13, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:  Plaintiff, *pro se*
4414.011

4